**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JIMMIE LAZENBERRY,

       Plaintiff,

vs.                                                                    Case No.  3:13-cv-399-J-99TJC-TEM

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____

<u>**ORDER**</u>

    This case is before the Court <u>sua</u> <u>sponte</u> on review of the file.  Upon review, the Court determines that leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> was improvidently granted, and that the case should be dismissed without prejudice to Plaintiff Jimmie Lazenberry filing an amended complaint.

**I.    BACKGROUND**

    Plaintiff initiated this action <u>pro</u> <u>se</u> by filing a document in the Orlando Division of the Middle District of Florida on February 19, 2013 (Doc. 1), which the United States Magistrate Judge assigned at the time, the Honorable Karla R. Spaulding, construed as a complaint naming "the Social Security Administrative Office" and "Gaglione Dumas" as defendants. (Doc. 4 at 1.) Because Plaintiff had not paid the filing fee, Magistrate Judge Spaulding also construed the filing as a motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u>. (<u>Id.</u>) Magistrate Judge Spaulding recommended that the complaint be dismissed without prejudice to filing an amended complaint, and that the motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> be denied without prejudice to refiling with any amended complaint. (<u>Id.</u> at 2-3.) Magistrate Judge Spaulding also recommended that the case be transferred to the Jacksonville Division, as it appeared that Plaintiff and at least one of the defendants lived in Jacksonville.  (<u>Id.</u> at 3-4.)

While that report and recommendation was pending, Plaintiff filed documents (Docs. 5 & 6) on March 11, 2013, which District Judge G. Kendall Sharp construed as an Amended Complaint and as a new motion to proceed in forma pauperis. District Judge Sharp therefore vacated the pending report and recommendation, moving forward with the amended complaint and new motion to proceed in forma pauperis. (Doc. 7.)

Construing the Amended Complaint liberally, Magistrate Judge Spaulding recommended that the claims against Gaglione Dumas be dismissed without prejudice, but that the claims against "the Social Security Administrative Office" be allowed to proceed as claims against the Commissioner of Social Security instead. (Doc. 8 at 3-5.) Magistrate Judge Spaulding also recommended that the motion to proceed in forma pauperis be granted and that the case be transferred to the Jacksonville Division.  (Id. at 6.)  Judge Sharp adopted the report and recommendation on April 16, 2013, dismissing the claims against Gaglione Dumas, but allowed Plaintiff to proceed in forma pauperis against the Commissioner of Social Security, and transferred the case to the Jacksonville Division.[1] (Doc. 10.)

---

[1] Approximately a month after the case was transferred to the Jacksonville Division, Plaintiff filed a separate case directly in the Jacksonville Division which appeared to name the Commissioner of Social Security and a previous employer as defendants.  See Lazenberry v. Comm'r of Soc. Sec., No. 3:13-cv-530-J-32JRK (M.D. Fla. 2013).  In that case, the Court directed Plaintiff to file a statement regarding how that case differs from this case.  Plaintiff never filed such a statement.  On November 17, 2013, the undersigned dismissed that case without prejudice for failure to state a cause of action.

A review of the Middle District of Florida docket also indicates that, in 2008, Plaintiff (represented by counsel at that time) appealed a 2007 denial of Social Security Disability Insurance and Supplemental Security benefits.  See Lazenberry v. Comm'r of Soc. Sec., No. 3:08-cv-187-JRK (M.D. Fla. 2008).  The case was considered on the merits, the denial was affirmed, and judgment was entered.  As discussed below, it is unclear from his filings what the basis for his claims in this case are and whether they relate to that earlier denial of benefits.

2

After the case was transferred to the Jacksonville Division, the Clerk mailed Plaintiff blank summons forms, which were later returned to the Clerk unexecuted on May 15, 2013. (Doc. 15.) United States Magistrate Judge Thomas E. Morris, then assigned to the case, directed the Clerk to mail Plaintiff three more blank summons and forms for effectuating service through the United States Marshals Service. (Doc. 19.) Magistrate Judge Morris emphasized that Plaintiff was responsible for completing and returning these forms in order for service to be timely effectuated. (Id. at 2-3.) He also sua sponte extended the time for Plaintiff to complete service to October 4, 2013. (Id.) The docket reflects that the Clerk received the form for service through the Marshals Service, but not a completed summons for the Marshals Service to serve. Consequently, service of process has not occurred.

In a September 20, 2013 filing, Plaintiff indicated that he had secured attorney Al Stanley to represent him. (Doc. 23.) The Court directed Mr. Stanley to file an appearance by September 26, 2013 if he indeed represented Plaintiff. (Doc. 26.) Mr. Stanley never filed an appearance. Then on November 20, 2013, Plaintiff stated that he had a new attorney, Jack Gibney. (Doc. 31.) The Court then directed Mr. Gibney to file an appearance by December 16, 2013 if he actually represented Plaintiff and to address the status of the complaint and service of process. (Doc. 32.) To date, Mr. Gibney has not filed an appearance. The Court continues to assume Plaintiff is proceeding pro se.

## II.    ANALYSIS

Since the Amended Complaint, Plaintiff has filed another eight documents that might

3

be construed as amendments or supplements to it.[2]  (Docs. 9, 16, 18, 22, 24, 25, 27, 29.)

With the benefit of hindsight, the Court now concludes that this case should be dismissed

without prejudice and that, therefore, leave to proceed in forma pauperis should be

vacated.  Viewing these filings either separately or together with the Amended Complaint,

the Court is simply unable to determine what causes of action Plaintiff intends to state and

what facts might support them.

A court receiving an application to proceed in forma pauperis must dismiss the case

sua sponte if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who

is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).    The language of §

1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), and

courts apply the same standard in both contexts.  Mitchell v. Farcass, 112 F.3d 1483, 1490

(11th Cir. 1997). "To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544,

570 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that  the defendant is liable for the

misconduct alleged. Id.  A complaint must "contain either direct or inferential allegations

respecting all the material elements necessary to sustain a recovery under some viable

legal theory."  Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir.

---

[2]  In his April 16, 2013 Order, Judge Sharp instructed that "Plaintiff may not file
another amended complaint in this case unless permitted by the Court." (Doc. 10.) None
of these documents was filed with leave.

2001) (quotation omitted).  Naked assertions devoid of further factual enhancement will not suffice.  Id.

Because Plaintiff is proceeding pro se, his pleadings are held to a less strict standard than pleadings drafted by an attorney, and will be liberally construed.  Koger v. Florida, 130 F. App'x 327, 332 (11th Cir. 2005) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).  However, even with pro se litigants, "'conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts'" will not prevent dismissal.  Sarver v. Jackson, 344 F. App'x 526, 527 n.2 (11th Cir. 2009) (quotations omitted); see Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1246 (11th Cir. 2005).[3]

Though unclear, Plaintiff alleges in the Amended Complaint that he sustained several injuries at some point that have prevented him from working and that, on a number of occasions, the Social Security Administration wrongly denied him Social Security Disability Insurance and Supplemental Security Insurance benefits.  (Doc. 5.)  He seeks to appeal those denials.  However, many important facts about his claim for benefits are missing.

─────────────────────

[3] Moreover, the Eleventh Circuit has recognized that a court may consider a plaintiff's history of filing unmeritorious litigation when determining whether a complaint is frivolous.  See Bilal v. Driver, 251 F.3d 1346, 1350 (11th Cir. 2001).  Since his 2008 case where he was represented by counsel, Plaintiff has brought numerous cases in this District pro se, the majority of which have been dismissed.  See, e.g., Lazenberry v. Internal Revenue Service, Case No. 8:13-cv-547-J-35EAJ (M.D. Fla. 2013); Lazenberry v. Vocational Rehabilitation Office, Case No. 3:13-cv-207-J-20JBT (M.D. Fla. 2013); Lazenberry v. First Coast Adcamed, et al., Case No. 8:13-cv-577-J-27TBM (M.D. Fla. 2013); Lazenberry v. Ameri-Force Inc., Case No. 3:13-cv-162-J-25JBT (M.D. Fla. 2013).  As a result of his long history with the Court, by now Plaintiff should be familiar with the applicable rules and procedures for filing a proper complaint in this Court.

Rather than filling in these gaps, Plaintiff's many subsequent filings add to the confusion by making a number of general, seemingly unrelated allegations of racketeering, wrongful conviction, discrimination under the Americans with Disabilities Act, violation of the Freedom of Information Act, healthcare fraud, Medicare abuse, legal malpractice, and domestic violence, and requests for worker's compensation benefits and for unidentified lawyers to turnover unspecified documents, as well as a reference to alternative dispute resolution.  (Docs. 9, 16, 18, 22, 24, 25, 27, 29.)  To the extent that Plaintiff intends to state such claims, he has failed to plead any of the required elements in any of the filings and explain why this Court would have jurisdiction over some of those claims.

The Court cannot rewrite Plaintiffs' complaint for him.  See Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993).  However, the Court will grant Plaintiff one more chance to do that himself.  Quite simply, he needs to identify in an amended complaint (1) what claims he is pursuing in this case, (2) against what party, (3) for what relief, and (4) what facts (not conclusions) support those claims.

Once the amended complaint is received, the Court will review it pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief," and a determination will be made regarding whether Plaintiff may proceed in forma pauperis.

Accordingly, after due consideration, it is hereby

**ORDERED**:

1.     The April 16, 2013 Order (Doc. 10) is **VACATED** to the extent that it permitted Plaintiff to proceed with his claims against the Commissioner of Social Security

6

and granted Plaintiff leave to proceed in forma pauperis.  The Order otherwise remains in effect.

  2.  This case is **DISMISSED without prejudice**.

  3.  Plaintiff shall file any amended complaint **on or before January 30, 2014**. Failure to file an amended complaint by that date will result in this file being closed.

  4.  The Clerk is **DIRECTED** to furnish Plaintiff with a copy of the Step-By-Step Guide to Filing a Civil Action in the United States District Court.

  **DONE AND ORDERED** at Jacksonville, Florida, on this 30th day of December, 2013.

_____
TIMOTHY J. CORRIGAN
United States District Judge

bjb.
Copies:

Pro se party